## GAULDEN *vs.* SHEHEE.

The rule of damages for a false representation is, that there must be a reduction from the agreed price, in proportion to the article's departure from the representation made of it.

Assumpsit, in Decatur Superior Court.   Tried before Judge ALLEN, at May Term, 1859.

This was an action of assumpsit brought by Shehee against Gaulden on a promissory not for $2,500—said note being part of the agreed price or purchase-money of a settlement of land lying on the Chattahoochee River, sold by Shehee to Gaulden.   The defense was, that in the negotiation and treaty for the purchase of said land, the plaintiff misrepresented the quality and quantity of the bottom land, which at the time of the purchase was overflowed, so that defendant could not survey or examine it.

This case was before this Court once before, and a new trial awarded therein.

Upon the new trial ordered by the Supreme Court, the case being called, the defendant moved for a continuance. The Court refused to consider the motion unless the defendant would state that the application for continuance was for

Gaulden *vs.* Shehee.

providential cause—the case having been already twice continued by the defendant on the appeal. To which ruling counsel for defendant excepted.

Plaintiff read in evidence the note sued on and closed.

Defendant read in evidence the depositions of several witnesses, and examined, in open Court, others as to the representations made by plaintiff at the time of the trade of the quality and quantity of the bottom land, and as to other facts which he conceived material to his defence; but as no point is made upon this testimony, it is unnecessary to set it out more fully.

The plaintiff, in reply, proposed to prove by two witnesses Crawford and O'Neal, that the land was worth as much at the time as the defendant agreed to give for it. Defendant's council objected to this proof as irrelevant and illegal. The Court overruled the objection and allowed the witnesses to answer; and to this ruling counsel for defendant excepted.

The testimony being closed, the Court, among other things, charged the jury, that if the land at the time of the purchase was worth as much as the defendant agreed to give for it, then he was not entitled to any deduction from the note, although they might believe that plaintiff made the false representations charged and proved—to which charge counsel for the defendant excepted.

The jury found for the plaintiff the full amount of the note, with interest and cost. Whereupon, counsel for defendant moved for a new trial on the grounds of error in the rulings and charges above stated and excepted, and upon the further grounds:

1st. That the verdict was contrary to law and evidence, and against the weight of evidence.

2d. That the verdict was contrary to the charge of the Court in this: That if the jury believed from the evidence that the note sued on was given in part payment for a plantation purchased by defendant from plaintiff, which consisted in part of river bottom land, which was the principal inducement to the purchase, and that at the time of said purchase the bottom land was covered with water, so that the defendant could not inspect or measure it, and plaintiff made representations as to its quality or quantity which were false, and upon which representations defendant relied, and there

Gaulden *vs.* Shehee.

was in fact a less quantity of bottom land than was represented, or of inferior quality or of less value than represented, then defendant was entitled to a deduction on the note.

The Court, after argument, refused the motion for a new trial, and counsel for defendant excepted.

G. R. HUNTER & J. E. BOWER, for plaintiff in error.

McINTYRE & YOUNG, *contra.*

*By the Court.*—STEPHENS, J., delivering the opinion.

The contract of parties and not the opinion of witnesses, is the standard of value for the article sold and bought, taking the article to be of the quality and quantity, or more generally, of the description given to it by the vendor. The agreed price is the price for the article *as described,* and there must be a deduction from that price whenever two things occur: when the article was really below the description, and the description was given by the vendor without an honest belief in its truth, the deduction in price must be in *proportion* to the departure from the description. If the deficiency in the article detracts from its value one-half or one-tenth, one-half or one-tenth must be deducted from the *agreed price* For the reasoning in support of this rule of damages, I refer to the case of *Hook vs. Dunn & Stovall,* decided at Savannah during the present riding. This rule disposes of both charge and evidence, and it is unnecessary to consider the other points presented by the record.

Judgment reversed.